IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT ENOCHS,<br><br>        Plaintiff,<br><br>v.<br><br>DETECTIVE JAMES HALDENWANG,<br><br>        Defendant. | Civil Action<br>No. 15-0172 (AET-TJB)<br><br>**OPINION** |

APPEARANCES:

Robert Enochs, Plaintiff Pro Se
145 Brighton Road
Barnegat, NJ 08005

RECEIVED
SEP - 1 2015
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**THOMPSON, District Judge:**

I.    **INTRODUCTION**

    Plaintiff Robert Enochs, presently detained at the Ocean County Jail, seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983. By Order dated April 10, 2015, this Court granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Docket Entry 11).

    At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes

that the complaint will be dismissed with prejudice for seeking damages from a person who is immune from suit. See 28 U.S.C. §§ 1915(e)(2).

## I. BACKGROUND

Plaintiff brought this civil rights action against Detective James Haldenwang of the Stafford Police Department in his official and individual capacities on January 7, 2015. (Docket Entry 1). Plaintiff states that on September 10, 2013, Detective Haldenwang perjured himself before the Ocean County Grand Jury, resulting in Plaintiff's indictment for first-degree attempted murder. (Docket Entry 1 at 5).

By Order dated January 28, 2015, the Honorable Joel A. Pisano, D.N.J., administratively terminated the complaint for failing to comply with the standard to proceed in forma pauperis as set forth in 28 U.S.C. § 1915. (Docket Entry 3). Plaintiff submitted a new IFP application on February 17, 2015, (Docket Entry 5), and the clerk reopened the case for consideration of the new application on April 2, 2015. (Docket Entry 9). The case was thereafter reassigned to this Court, (Docket Entry 10), and Plaintiff's IFP application was granted by order dated April 10, 2015. (Docket Entry 11).

Plaintiff seeks a declaratory judgment that Haldenwang's actions were unconstitutional and unspecified compensatory and punitive damages. (Docket Entry 1 at 7).

## II. DISCUSSION

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis*.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will

3

not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x. 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

4

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Plaintiff's sole basis for relief is based on the allegedly perjurious testimony of Defendant before the grand jury. (Docket Entry 1 at 7). The Supreme Court has unanimously held that grand jury witnesses, like trial witnesses, have "absolute immunity from any § 1983 claim based on the witness' testimony." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1506 (2012); *see also Peteete v. Asbury Park Police Dep't*, 477 F. App'x 887, 889-90 (3d Cir.

2012). The Court noted that "[d]espite the broad terms of § 1983, this Court has long recognized that the statute was not meant to effect a radical departure from ordinary tort law and the common-law immunities applicable in tort suits." *Id.* at 1502. "Immunities 'well grounded in history and reason,' . . . were not somehow eliminated 'by covert inclusion in the general language' of § 1983." *Ibid.* (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)). Defendant is therefore entitled to absolute immunity for his testimony before the grand jury, and the complaint must be dismissed with prejudice.[2]

### III. CONCLUSION

For the reasons stated above, the complaint is dismissed with prejudice. An appropriate order follows.

_8/24/15_
Date

_Anne E. Thompson_
ANNE E. THOMPSON
U.S. District Judge

---

[2] To the extent the complaint could be read as attempting to raise a claim of malicious prosecution either under federal or New Jersey state law, Plaintiff has failed to sufficiently plead a cause of action as he has not alleged the criminal proceeding has terminated in his favor. *See McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009) (noting that one element of a malicious prosecution claim under 42 U.S.C. § 1983 is that a criminal proceeding ended in Plaintiff's favor); *Helmy v. City of Jersey City*, 836 A.2d 802, 806 (N.J. 2003) (noting New Jersey law requires favorable termination for malicious prosecution claim). Plaintiff has therefore failed to state a malicious prosecution claim under either federal or state law.

6